IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| ENDLESS HORIZONS, LLC, | * |  |
| Plaintiff, | * |  |
| v. | * | Civil Action No. 8:25-cv-00197-PX |
| AXIM FRINGE SOLUTIONS GROUP, LLC *et al*., | * |  |
| Defendants. | * |  |
|  | ****** |  |

**MEMORANDUM OPINION**

Plaintiff Endless Horizons, LLC's ("Endless Horizons") moves for default judgement against two non-responding Defendants, Axim Fringe Solutions Group, LLC ("Axim") and James V. Campbell ("Campbell"). ECF No. 20. The matter has been briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the motion is denied without prejudice.

## I.    Background

The following facts are taken from the Complaint and accepted as true. On October 17, 2022, Endless Horizons entered into what it calls a Provider/Client Agreement ("Provider Agreement") with Axim for "compliance and benefits administration services" to Endless Horizons' "employee health and welfare benefits plans." ECF No. 1 ¶¶ 9–10. The Complaint does not include the Provider Agreement, nor does it particularize any relevant contractual terms. However, the Complaint avers that under the Provider Agreement, Axim agreed to pay "insurance premiums and other expenses on behalf of the Plaintiff relative to the benefits plans" pursuant to a separate Trust Agreement for which Campbell was the Trustee. *Id.* at ¶ 10. The

Trust Agreement is also not included in the Complaint either by attachment or incorporation of relevant terms.

In February 2024, Endless Horizons learned that Defendants were not paying the "expenses relative to the benefit plans as required by" the Provider and Trust Agreements. ECF No. 1 ¶ 12. Endless Horizons repeatedly asked about the failures to pay and were falsely assured that the funds would be remitted. *Id.* ¶ 14. Endless Horizons also learned that the Department of Labor had filed a Complaint against AXIM for failure to properly administer benefits on behalf of several other clients. *Id.* ¶ 15. *See Su v. Axim Fringe Sols. Grp., LLC*, No. 24-cv-483-LKG (D. Md. Feb. 20, 2024) (ECF No. 1) ("DOL claim"). The DOL claim, however, involved alleged misappropriation that took place between 2015 and June of 2022. *Id.* The DOL claim was ultimately resolved by consent judgment for which Axim agreed to pay $4 million into a receivership to be distributed to specific Axim clients. *See Axim*, No. 24-cv-483-LKG (D. Md. May 23, 2024) (ECF No. 20). Endless Horizons was not covered by the consent judgment.

On January 21, 2025, Endless Horizons filed this suit against Axim, Campbell, and Axim's Director of Compliance Accounting, Melissa McManes, to recapture more than $585,692 of member funds that Defendants never paid to the benefit plans or returned to Endless Horizons. ECF No. 1 ¶¶ 17–18. The Complaint brings statutory and common law causes of action for breach of contract against Axim (Count I); breach of fiduciary duty owed pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), against all Defendants (Count II); common law breach of fiduciary duties against Campbell (Count III); fraudulent misrepresentation against Axim and Campbell (Count IV); and negligence (Count V), conversion (Count VI) and "equitable relief" (Count VII) against all Defendants.

Thereafter, Endless Horizons timely served Defendants.  ECF Nos. 10 & 11.  McManes separately settled with Endless Horizons and was dismissed from the case, ECF No. 19, but the others failed to participate in this litigation.  Accordingly, on May 6, 2025, the Clerk entered default against Campbell and Axim pursuant to Federal Rule of Civil Procedure 55(a).  ECF Nos. 12–14.  Endless Horizons next moved for default judgment against the non-responding Defendants.  ECF No. 20.  As more fully explained below, because the Complaint is too barebones to establish liability, the Court must deny default judgment.

## II.    Standard of Review

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  "A defendant's default does not automatically entitle the plaintiff to the entry of a default judgment; rather, that decision is left to the discretion of the court."  *Joe Hand Promotions, Inc. v. Luz, LLC*, No. DKC-18-3501, 2020 WL 374463, at *1 (D. Md. Jan. 23, 2020) (citation omitted); *see also S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).  While the Fourth Circuit maintains a "strong policy that cases be decided on the merits," default judgement may be appropriate where a party is wholly unresponsive.  *Lawbaugh*, 359 F. Supp. 2d at 421 (quoting *Dow v. Jones*, 232 F. Supp. 2d 491, 494–95 (D. Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993))).

When considering a motion for default judgement, the Court accepts as true all well-pleaded factual allegations, other than those pertaining to damages.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . [but] [t]he defendant is not held . . . to admit conclusions of law") (citation and internal quotation marks omitted); *Disney Enter., Inc. v. Delane*, 446 F. Supp.

2d 402, 406 (D. Md. 2006) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not.") (citations omitted). Courts in this district analyzing default judgments have applied the standards articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to determine whether the allegations are well-pleaded. *See, e.g., Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544–45 (D. Md. 2011); *Russell v. Railey*, No. DKC-08-2468, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012). Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the allegations are not well-pleaded and, consistent with the Court's discretion to grant default judgment, relief should be denied. *Balt. Line Handling*, 771 F. Supp. 2d at 544–45 (internal citations omitted) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted."); *see also Basba v. Xuejie*, No. PX-19-380, 2021 WL 242495, at *3 (D. Md. Jan. 25, 2021). In this respect, "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Balt. Line Handling*, 771 F. Supp. 2d at 540 (internal quotation marks omitted). Rather, the Court must decide whether the "well-pleaded allegations in [the plaintiff's] complaint support the relief sought." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)

If liability is established, the Court cannot rely solely on the Complaint to assess damages. *See Lawbaugh*, 359 F. Supp. 2d at 422; *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009). The Court may either conduct an evidentiary hearing or accept affidavits and other documentary evidence into the record to determine what damages, if any, are warranted. *See Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (citations omitted).

With this standard in mind, the Court turns to whether the Complaint establishes liability as to any of the claims.

### III.    Analysis

#### a.    ERISA Preemption

Because this suit involves the breach of an employee benefit plan, Endless Horizons brings both ERISA and common law claims.  ECF No. 1 ¶¶ 20–59.  Yet inexplicably, the Complaint neither incorporates the governing agreements, nor specifies the relevant provisions that Defendants allegedly violated.  *See* ECF No. 1.  As a result, the Court cannot even assess the threshold question of whether the claims are ones that are properly sounding under ERISA or common law.

They likely cannot be both. This is because Congress passed ERISA "to provide a uniform regulatory regime over employee benefit plans."  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).  Accordingly, where benefit agreements trigger ERISA, common law claims arising from the same course of conduct are almost always subject to either complete or conflict preemption as defined by ERISA.  *Infrastructure & Energy Alternatives, Inc. v. Axim Fringe Sols. Grp., LLC*, No. CV DKC 24-1268, 2025 WL 3677007, at *4 (D. Md. Dec. 18, 2025) (quoting ERISA § 502, 29 U.S.C. § 1132(a), and ERISA § 514, 29 U.S.C. § 1144(a)).  Complete preemption arises when the common law claim falls within ERISA § 502's civil enforcement provision.  *Darcangelo v. Verizon Comm'cns, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002).  Such claims will be automatically converted into ones brought under ERISA § 502.  *Id*.  But if a common law claim falls outside ERISA § 502, then conflict preemption may apply, which would render the claims "superseded insofar as they 'relate to'" a benefits plan covered by ERISA.  *Id.* at 187 (quoting 29 U.S.C. § 1144(a)).

The difficulty here is that the Complaint avers just enough to know that ERISA preemption is a problem, but not enough to ascertain whether ERISA or common law claims will proceed.  Perhaps this foreshadows why none of the claims survive.  The Court considers each in turn.

### b. Breach of Fiduciary Duty (Counts II and III)

First, as to the statutory and common law breach of fiduciary duties claims, Counts II & III fail for lack of specificity.  The Court cannot award judgment unless some *facts* establish the existence of a fiduciary relationship between Endless Horizons and Defendants.  *Cuthie v. Fleet Rsrv. Ass'n*, 743 F. Supp. 2d 486, 494 (D. Md. 2010) (citing *In re Morgan Stanley ERISA Litig.*, 696 F. Supp. 2d 345, 353 (S.D.N.Y. 2009)).  While the Court could assume that *if* the Agreements are governed by ERISA, a sufficient fiduciary relationship exists, *id.*, the Court does not have the agreements and so cannot speculate as to ERISA's applicability.  Certainly, the Complaint's broad reference to the civil enforcement provisions of ERISA cannot alone establish the existence of such a relationship.  *See* ECF No. 1 ¶ 28–32 (broadly alleging nonspecific benefit plans were "subject to ERISA" which confers on Defendants "statutory duties of care, skill, prudence, and diligence."). [1]

Nor can the Court conclude that a common law fiduciary relationship exists from the face of the Complaint.  "A breach of fiduciary duty requires three elements: (1) an existing fiduciary relationship; (2) that the fiduciary breached a duty it owed to a beneficiary; and (3) harm to the beneficiary." *Special Situations Fund III QP, L.P. v. Travel Centers of Am. Inc.*, 267 Md. App.

---

[1] The Plaintiff also seeks to "enjoin" Defendants from "withdrawing, spending, dispersing, dissipating, transferring, selling, or encumbering any funds provided by or belonging to the Plaintiff" pursuant to 29 U.S.C. § 1132. *See* ECF No. 1 ¶¶ 54–58.  Equitable relief under § 1132(a)(3) is normally appropriate only for injuries that do not find adequate redress in ERISA's other provisions. *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 102–3 (4th Cir. 2006) (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996)).  Because the Complaint does not allege sufficient facts to ascertain whether any ERISA claims will proceed, the Court cannot conclude whether relief under § 1132 is appropriate.

597, 692 (2025) (citation omitted).  The remedy for such breach depends upon the "type of fiduciary relationship, and the remedies provided by law, whether by statute, common law, or contract." *Id.*  The Complaint merely avers that Campbell "had a fiduciary duty to Plaintiff to handle the funds of the Trust with care, loyalty, and diligence," which he breached when he did not distribute funds "in accordance with" nonspecific "terms" of the Trust.  ECF No. 1 ¶¶ 35–36.  But the pleading includes no *facts* as to the source or nature of that duty, or how such duty was breached.  Default judgment on the fiduciary duty claims, therefore, must be denied.

### c.   Breach of Contract (Count I)

As to the alleged breach of contract claim against Axim (Count I), a successful claim "'must of necessity allege with certainty and definiteness facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant.'"  *RRC Ne., LLC v. BAA Maryland, Inc.*, 413 Md. 638, 655 (Md. 2010) (quoting *Continental Masonry Co., Inc. v. Verdel Constr. Co., Inc.,* 369 A.2d 566, 569 (Md. 1977) (emphasis omitted)).  The Complaint simply does not aver any particular contractual provision that has been breached with sufficient definiteness.  Instead, it makes the barebones claim that Axim breached the agreements by failing to pay vendors and causing plan losses of $586,000.  ECF No. 1 ¶¶ 25–26.  Without either attaching and referring to the agreements themselves, or detailing the provisions in question, nonspecific allegations of contractual breach do not support default judgment.

### d.   Remaining Common Law Claims (Counts IV–VI)

The remaining common law claims—negligence, fraudulent misrepresentation, and conversion—all suffer from the same flaw.  Under the operative agreements, the remaining claims may be preempted by ERISA and thus fail for that reason alone.  But without the relevant

agreement language, and a more robust recitation of how such Agreements were breached, the Court cannot assess the reach of ERISA.

Moreover, even if ERISA does not preempt the claims, they are too barebones to support the motion. Starting with fraudulent misrepresentation (Count IV), some facts must show that the defendant (1) made a false representation (2) which was known to the defendant or was made with reckless indifference to its truth (3) for the purpose of defrauding the plaintiff (4) on which the plaintiff detrimentally relied, and (5) thereby causing injury. *Exxon Mobil Corp. v. Albright*, 433 Md. 303, 335, on reconsideration in part, 433 Md. 502 (2013) (citation omitted). The alleged fraudulent representation must also be pleaded with particularity. *See* Fed. R. Civ. P. 9(b). *See also Nordstrom, Inc. v. Schwartz*, No. GJH-18-3080, 2019 WL 4221475, at *4 (D. Md. Sept. 5, 2019). The Complaint, however, merely avers that Defendants "omitted" non-specific "material facts" about the financial health of Axim, and "provided" undefined "false assurances" that vendors would be paid. ECF No. 1 ¶¶ 40–41. Naked legal averments devoid of any particular facts cannot support default judgment even if the claim is not wholly preempted under ERISA.

The negligence claim (Count V) also does not survive minimal scrutiny, even if it is not preempted by ERISA. To sustain a negligence claim requires some facts showing that a defendant owes a special duty to the plaintiff which defendant breached, and the breach proximately injured the plaintiff. *100 Inv. Ltd. P'ship v. Columbia Town Ctr. Title Co.*, 430 Md. 197, 212–13 (2013) (emphasis and citation omitted). To the extent Endless Horizons attempts to plead a fiduciary duty owed, the Complaint offers no particular facts arising from either the Provider or Trust Agreements to make that relationship plausible. Nor can the Court infer a fiduciary or other special relationship from the mere existence of a contract because, "by itself,"

a contract "does not create a tort duty." *Potomac Elec. Power Co. v. Midwest Mole, Inc.,* No. 8:19-CV-03037-AAQ, 2022 WL 17362679, at *9 (D. Md. Dec. 1, 2022) (quoting *Jones v. Hyatt Ins. Agency, Inc.*, 356 Md. 639, 654 (1999)).  Rather, special duties giving rise to a tort are fact dependent, based on "the circumstances surrounding or attending the transaction." *Id.* (quoting *Slacum v. Eastern Shore Trust Co.*,163 Md. 350, 351 (1932)). No facts, however, establish the claim.

Similarly, the conversion claim (Count VI) is too bare bones to sustain judgment. "Conversion is an intentional tort that requires an exertion of ownership or dominion over another's personal property in denial of or inconsistent with the owner's right to that property." *UBS Fin. Servs., Inc. v. Thompson*, 217 Md. App. 500, 514–15 (2014), aff'd, 443 Md. 47 (2015) (quoting *Nickens v. Mount Vernon Realty Group*, LLC, 429 Md. 53, 77 (2012)).  The Complaint facts must show that the Defendant "'initially acquir[ed]'" the property of the plaintiff or "'retain[ed] it longer than the rightful possessor permits.'" *Lasater v. Guttmann*, 194 Md. App. 431, 446–47 (2010) (quoting *Darcars Motors of Silver Spring, Inc. v. Borzym*, 379 Md. 249, 261–62 (2004)).   Here, the Court cannot even conclude that the "property" in question belongs to the Plaintiff, Endless Horizons, as opposed to the employees for whom the benefit plans were established.  This alone defeats the claim, and thus, the Court denies default judgment as to it.

IV.    **Conclusion**

Because no facts establish Defendants' liability to any of the claims, the Court is compelled to deny Endless Horizons' motion for default judgment.  That said, the Court will permit Endless Horizons to file an amended complaint to cure the pleading deficiencies, if possible.  The amended complaint must be filed within fourteen (14) days from the date of this Opinion and Order, followed by prompt and proper service of process on Defendants Axim

Fringe Solutions Group, LLC and James V. Campbell. Failure to file a timely amended complaint will result in dismissal of the Complaint with prejudice and without further notice.

A separate Order follows.


___3/20/2026_____                              _____/s/_____
Date                                                     Paula Xinis
                                                         United States District Judge

10